DAEWOO INTERNATIONAL (AMERICA) CORP., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 90–10–00555

(Dated June 4, 1992)

*Peter S. Herrick* for the plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice *(Nancy M. Frieden)* for the defendant.

### MEMORANDUM AND ORDER

AQUILINO, *Judge:* The defendant has interposed a motion styled as for leave to file out-of-time a motion for extension of time, to which the plaintiff apparently consents. This court, however, is unable to concur.

The motion states, in substantial part:

> The time for defendant to respond to plaintiff's first interrogatories and request for production in this action expired on May 2, 1992. Undersigned counsel neglected to seek an extension of time for the defendant to respond to the interrogatories and request for production through inadvertence while she was preparing responses to forty-nine complaints in *Junior Gallery, Ltd. v. United States*, Court No. 84–02–00271 and related cases, which were filed on May 22, 1992.

No other facts are presented, such as date of receipt of the interrogatories and request for production, their number and scope, or why attention to the *Junior Gallery* actions during May precluded seeking relief herein the preceding month. In short, as this court has repeatedly stated, "[w]hen formal, interlocutory relief becomes necessary, motions therefor must be presented in such a way as to convince the court that grant is appropriate." *Takashima USA Inc. v. United States*, 16 CIT 11, 12, Slip Op. 92–3, at 3 (Jan. 15, 1992), *Fada Industries, Inc. v. United States*, 14 CIT 645, 647, Slip Op. 90–89, at 4 (Sept. 7, 1990), citing *Proceedings of the Second Annual Judicial Conference of the U.S. Court of Int'l Trade*, 111 F.R.D. 504, 586 (1985) (Aquilino, J.).

Defendant's motion lacks such presentment, nor is it submitted in a timely manner in view of the nature of the precise relief requested, and the court is therefore constrained to, and it hereby does, deny the motion.